IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-208-FL

| | |
|---|---|
| EMMETT MADISON GRAHAM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **ORDER AND** |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before this court for review of the *pro se* application of Emmett Madison Graham, Jr. ("Graham" or "Plaintiff") to proceed *in forma pauperis*. [DE-3]. The court will also consider Plaintiff's Motion for Reconsideration [DE-1] pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B), which the court has construed as Plaintiff's complaint seeking reinstatement of Social Security disability benefits. In the view of this court, Graham has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Graham's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS

---

[1] Plaintiff identifies the defendant as "Social Security Administration Michael J. Astrue, et. [sic] al." [DE-1, DE-3]. However, the proper defendant in an action seeking an award of Social Security disability benefits is the Commissioner of the Social Security Administration ("SSA"). 20 C.F.R. § 422.210(d) ("Where any civil action [against the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."); *see also Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y 2000) (citing *Ostroff v. Florida, Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 352 (M.D. Fla. 1983) (explaining § 405(g) only authorizes suits against the Secretary of Health and Human Services, now the Commissioner of Social Security)). Accordingly, no other agency or government official is a proper party defendant and it is therefore recommended that the SSA be dismissed as a defendant.

that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

## I. PROCEDURAL AND FACTUAL BACKGROUND

According to the complaint, Graham was awarded Social Security disability benefits in 1995. *See* Ex. D [DE-1.4 at 9]. On 14 September 1998, Graham was sentenced to a term of 210 months incarceration upon his conviction of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846, possession with the intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1) and aiding and abetting the use and carrying of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States of America v. Graham*, No. 7:97-CR-98-F-1 [DE-106] ("criminal case"). As part of his sentence, Graham was ineligible for all federal benefits for a period of five years pursuant to 21 U.S.C. § 862(a).[2] On 7 August 2001, an Amended Judgment was entered whereby Graham was sentenced to 175 months incarceration and ordered ineligible for all federal benefits for a period of 5 years. *Graham*, No. 7:97-CR-98-F-1 [DE-195, DE-266]. Graham is presently serving his sentence under house arrest. Ex. A [DE-1.1].

Between 15 December 2009 and 30 July 2010, Graham submitted numerous written requests to the SSA seeking reinstatement of all federal benefits under 21 U.S.C. § 862(d) and in particular, his Social Security disability payments.[3] Ex. D [DE-1.4]. On 13 August 2010, Graham allegedly

---

[2] 21 U.S.C. § 862(a)(1)(A) provides that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction."

[3] On 22 July 2010, Graham made a written request to the U.S. Department of Justice ("DOJ") for reinstatement of all federal benefits under 21 U.S.C. § 862(d). Ex. D [DE-1.4 at 5]. Based on the exhibits accompanying Plaintiff's complaint, it is evident that Graham seeks specifically the reinstatement of his Social Security benefits. Section 862, however, does not apply to Social Security benefits. 21 U.S.C. § 862(d)(1)(A). Rather, the termination or suspension of an incarcerated individual's Social Security benefits is pursuant to the Social Security Act. 42 U.S.C.

2

filed a Request for Reconsideration with the SSA wherein Graham advised as to his disagreement with the SSA's denial of benefits, noting his "SSD has not come in to efect [sic]." Ex. B [DE-1.2].

On 24 August 2010, Graham filed a motion in the criminal case, requesting reinstatement of his Social Security benefits. *Graham*, No. 7:97-CR-98-F-1 [DE-265]. On 26 August 2010, the court denied Graham's request, noting Graham had not followed the mandatory procedure for challenging the SSA's alleged wrongful withholding of federal benefits and advising further that Graham cannot pursue such relief by filing a motion in a criminal case. *Graham*, No. 7:97-CR-98-F-1 [DE-266]. On 30 August 2010, the SSA notified Graham that his Supplement Security Income ("SSI") benefits had been denied "because you are over SSI limits due to social security benefits. However we will sit [sic] up an [appointment] for SSI benefits to be reviewed." Ex. A [DE-1.1 at 2].

On 1 September 2010, Graham filed a document entitled "Motion and Memorandum for Reconsideration" challenging "the Government's wrongful withholding of federal benefits." [DE-1]. The motion was not docketed in Graham's criminal case but taken up by the court separately. Ultimately, the court construed Graham's motion as a complaint seeking the reinstatement of Social Security disability benefits and an award of SSI benefits. [DE-4].

## II. STANDARD OF REVIEW

Because Graham is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to

---

§ 402(x)(1)(A) (applicable to DIB); 42 U.S.C. § 1382(e)(1)(A) (applicable to SSI).

prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32. As part of its frivolity review, the court may consider whether it has subject matter jurisdiction over the case. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Wright v. Huggins*, No. 5:09-CV-551-D, 2010 U.S. Dist. LEXIS 50264, at *8, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted).

### III. ANALYSIS

Graham contends that he never agreed to the discontinuation of his disability benefits and

4

that the SSA had no authority for terminating his benefits allegedly awarded in 1995. *See* Ex. D [DE-1.4 at 9]. The purpose of Social Security benefits is to provide for basic needs of those unable to work in gainful employment. When a recipient is incarcerated, that need disappears for the duration of his incarceration because his basic needs are being met. *Borchelt v. Apfel*, 25 F. Supp. 2d 1017, 1020 (E.D. Mo. 1998) (citing *Jensen v. Heckler*, 766 F.2d 383, 385 (8th Cir. 1985)); *see Washington v. Sec'y of Health & Human Servs.*, 718 F.2d 608, 610 (3d Cir. 1983) ("The need for this continuing source of income [i.e., Social Security payments] is clearly absent in the case of an individual who is being maintained at public expense in prison.") (quoting *1980 U.S. Code Cong. & Ad. News* 4787, 4794-95). Thus, despite Graham's contentions to the contrary, the SSA is statutorily authorized to suspend disability insurance benefits ("DIB") and SSI payments when a plaintiff is in a public institution, such as a prison or jail. 42 U.S.C. § 402(x)(1)(A) (applicable to DIB); 42 U.S.C. § 1382(e)(1)(A) (applicable to SSI); *see also* 20 C.F.R. § 404.468 (DIB) and 20 C.F.R. § 416.211(a) (SSI). While it is evident that Graham seeks reinstatement of his Social Security benefits, it is unclear whether Graham seeks DIB or SSI payments or both. Graham states that he was a recipient of DIB payments prior to his incarceration; however, he has filed no documentation confirming his award of benefits. *See Graham*, No. 7:97-CR-98-F-1 [DE-265 at 2]. Graham also submitted a letter dated 30 August 2010 from the SSA, allegedly responding to an information request from Graham, which provides as follows:

> You asked us for information from your record. The information that you requested is shown below. . . .
>
> Other Important Information
>
> YOUR SSI BENEFITS WERE DENIED BECAUSE YOU ARE OVER SSI LIMITS DUE TO SOCIAL SECURITY BENEFITS. HOWEVER WE WILL SIT [sic] UP

AN APPTFOR [sic] SSI BENEFITS TO BE REVIEWED.

There is no cost of living adjustment in Social Security benefits in December 2009. The benefit amount shown is current as of the date of this letter.[4]

Ex. A [DE-1.1 at 2](emphasis in original). Graham has not alleged that he has sought reconsideration of the decision denying SSI benefits. While Graham has included a copy of a Request for Reconsideration concerning disability benefits, Ex. B [DE-1.2], the request predates the SSA letter of 30 August 2010 advising of the denial of his SSI payments. Ex. A [DE-1.1].

1. Subject Matter Jurisdiction

By seeking action by the court for an award of Social Security benefits, Graham implicitly invokes the jurisdiction of this court pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Federal courts are courts of limited jurisdiction and it is presumed that a federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

In order for this court to exercise jurisdiction over a decision of the Commissioner, that decision must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g)[5] ("Any

---

[4] No benefit amount is provided in the exhibit filed with the court. *See* Ex. A [DE-1.1 at 2].

[5] Section 405(g) (Title II) provides as follows:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g). The judicial review provision under Title XVI, 42 U.S.C. § 1383(c)(3), expressly incorporates the judicial review provision of Title II. Accordingly, section 405(g) applies to judicial review under both Title II and Title XVI.

individual, after any *final decision* of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . ." ) (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision" regarding entitlement to DIB or SSI payments, the plaintiff must complete an administrative review process. 20 C.F.R. §§ 404.900(a), 416.1400(a); *see generally Califano v. Sanders*, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council review. 20 C.F.R. §§ 404.900(a)(1-4), 416.1400(a)(1-4). Proceeding through these stages exhausts the plaintiff's administrative remedies. Only upon completion of these steps may the plaintiff then seek judicial review by filing an action in a federal district court.[6] 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). Throughout the administrative review process, the onus is on the plaintiff to request the next administrative step. 20 C.F.R. §§ 404.900(a)(1-4), 416.1400(a)(1-4).

2. Disability Insurance Benefits

The regulations provide that DIB payments will be suspended when an individual "is

---

[6] Following the determination at each step of the administrative process, a disappointed plaintiff is notified that he must proceed to the next step within sixty (60) days of the notice of the action taken otherwise the decision of the Commissioner is binding. *See* 20 C.F.R. §§ 404.909(a)(1), 416.1409(a)(1) (reconsideration); §§ 404.933(b)(1) 416.1433(b)(1) (hearing before an ALJ); §§ 404.968(a)(1), 416.1468(a)(1) (appeals council review); §§ 404.981, 416.1481 (judicial review). Nonetheless, at each stage, the SSA may grant additional time upon a plaintiff's showing of good cause as defined by the rules. *See* 20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b), 404.982, 416.1409(b), 416.1433(c), 416.1468(b), 416.1482.

confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A); *see also* 20 C.F.R. § 404.468. However, "an individual shall not be considered confined in [a] . . . penal institution or correctional facility during any month throughout which such individual is residing outside such institution at no expense (other than the cost of monitoring) to such institution or the penal system or to any agency to which the penal system has transferred jurisdiction over the individual." 42 U.S.C. § 402(x)(B)(i); *see* SSA Program Operations Manual System ("POMS") § GN 02607.840(A)(1) https://secure.ssa.gov/apps10/poms.nsf/subchapterlist!openview&restricttocategory=02026 (explaining if an individual is "officially released" or residing outside a penal institution, such as home confinement, and doing so at no expense, benefits can be reinstated) (as of 8 December 2010).

According to Graham, he was a recipient of DIB payments prior to his incarceration. *Graham*, No. 7:97-CR-98-F-1 [DE-265 at 2]. The suspension of Graham's DIB payments due to his confinement in prison constituted an initial determination subject to administrative review. 20 C.F.R. § 404.902(t) (explaining "initial determinations include . . . determinations about [n]onpayment of [an individual's] benefits under § 404.468 because of [] confinement in a jail, prison, or other penal institution or correctional facility for conviction of a felony"). Graham states further that he was "released outside a penal institution . . . at no expense (other than the cost of monitoring) to a half-way house [and is] now on home confinement, monitoring." *Graham*, No. 7:97-CR-98-F-1 [DE-265 at 3]. Based on Graham's representations, he may be eligible for reinstatement of DIB payments "effective with the next month after the individual's [sic] completes his/her incarceration . . . ." POMS § GN 02607.840(A)(2). However, benefits are not reinstated until the SSA receives from the plaintiff his official release documents from the correctional

8

institution, *see* POMS § GN 02607.840(B)(1)(a) (providing "[t]he released inmate is responsible for providing his [] release documents to SSA for reinstatement of benefits."), and determines the plaintiff again meets all factors of entitlement and eligibility for payment. POMS §§ GN 02602.040(A)(1)-(2)("Benefits cannot be resumed until evidence is received which shows that all of the requirements for payment are met."), 02607.840(C) (citing § GN 02602.040 for instructions on the resumption of Title II benefits after a period of suspension). Here, Graham has not alleged that he has provided this documentation to the SSA. Accordingly, Graham has failed to pursue his "initial determination" through the administrative process in order to obtain a "final decision" subject to judicial review. Graham has therefore failed to carry his burden in demonstrating that the court has subject matter jurisdiction as to his DIB payments pursuant to 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.900(a)(5).

The court is compelled at this point to discuss whether Graham's failure to exhaust his administrative remedies should be excused. The Supreme Court has held that "the requirement of a 'final decision' may be waived if the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-31 (1976).). In a letter dated 22 June 2001,[7] Graham states as follows:

> Honorable Judge Fox took my Federal benefits for a period of (5) years in 1998. However due to my offenses committed in 1993, I am under Article 1, Section 10, [sic] Ex post Facto Clause[8] of the [?] New Law. So the Law pasted [sic] by

---

[7] Based on the entire record, it appears the letter was written in 2010.

[8] The prohibition against *ex post facto* laws appears in Article 1, Section 9, Clause 3 of the United States Constitution, which provides that "[n]o Bill of Attainder or ex post facto Law shall be passed." U.S. CONST. art. I, § 9, cl. 3.

Presidents [sic] W. Clinton in 1996 should not apply to my case.

Ex. D [DE-1.4 at 6]. Based on the above, it appears Graham is of the belief that section 402(x), under which his disability benefits were suspended while he was incarcerated, acts as an invalid *ex post facto* law in violation of Article 9, Section 1, Clause 3 of the United States Constitution. The Ex Post Facto clause prohibits retroactive laws that create a "significant risk" of increased punishment for a crime. *United States v. Lewis*, 606 F.3d 193, 198 (4th Cir. 2010) (quoting *Garner v. Jones*, 529 U.S. 244, 255 (2000)); *De Veau v. Braisted*, 363 U.S. 144, 160 (1960) ("The mark of an *ex post facto* law is the imposition of what can fairly be designated punishment for past acts."). The constitutionality challenge is without merit as numerous circuits, including the Fourth Circuit, have concluded that section 402(x) does not violate the prohibitions against *ex post facto* laws as "the suspension of a noncontractual benefit cannot be considered a punishment."[9] *Jensen*, 766 F.2d at

---

[9] Section 402(x) was enacted in 1983 pursuant to Pub. L. No. 98-21. The rationale of Congress in enacting this section was explained by the Second Circuit as follows:

> In enacting section 202(x), Congress apparently based that legislation on the policy rationales underlying a former statute, 42 U.S.C. § 423(f)(1) (now repealed), suspending *disability payments* to incarcerated recipients. Those rationales were principally that: (1) "the disability program exists to provide a continuing source of income to those whose earnings are cut off because they have suffered a severe disability," and (2) "the need for this continuing source is clearly absent in the case of an individual who is being maintained at public expense in prison."

*Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir. 1986) (emphasis in original) (internal citations omitted); *see also Davel v. Sullivan*, 902 F.2d 559, 562 (7th Cir. 1990) (explaining the purpose of section 402(x) is to, *inter alia*, avoid "use[ing] scarce benefit funds for persons whose basic needs are met by the prison [systems]." Subsequent amendments to section 402(x) have not altered that purpose. *See* Social Security Domestic Reform Employment Reform Act of 1994, Pub. L. No. 103-387 §§ 4(a) & 4(b) (1994) (continuing the prohibition of benefit payments to those incarcerated); *accord* explaining the 1994 amendment applied to all benefits payable for months commencing after January 22, 1994); *accord* Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. No. 106-170, Title IV § 402(b)(1)(B).

10

386 (discussing constitutionality of predecessor statute 42 U.S.C. § 423(f)); *accord Pace v. United States*, 585 F. Supp. 399, 401 (S.D. Tex. 1984) (explaining "the denial of Social Security benefits is not punishment, but 'mere denial of a noncontractual governmental benefit.'") (quoting *Flemming v. Nestor*, 363 U.S. 603, 617 (1960)); *see also Noe v. Dir. of Soc. Sec.*, No. 5:06-CT-3072-BO, 2007 U.S. Dist. LEXIS 96514, at *2, 2007 WL 4955107, at *1 (E.D.N.C. Mar. 16, 2007) (collecting cases including *Davis v. Bowen*, 825 F.2d 799, 801 (4th Cir.1987)). Accordingly, Graham has not demonstrated a valid claim of constitutional deprivation sufficient to excuse his failure to exhaust administrative remedies.

3. Supplemental Security Income

The regulations provide that payment of SSI payments may be suspended or terminated in certain circumstances, *see generally* 20 C.F.R. §§ 416.1320-40, including status as a resident of a public institution, such as a prison or jail. 20 C.F.R. § 416.1325; *see also* 20 C.F.R. §§ 416.201, 211(a). In particular, payment of SSI benefits is suspended effective with the first full month an individual is a resident of a public institution. 20 C.F.R. § 416.1325. Benefits for which payments have been suspended will be resumed "effective with the earliest day of the month in which a recipient is no longer a resident of a public institution." 20 C.F.R. § 416.1325(b). However, if benefits are suspended for twelve consecutive months, they are terminated. 20 C.F.R. § 416.1335.

Assuming Graham was a recipient of SSI benefits prior to incarceration, such benefits were terminated by virtue of his incarceration which exceeded 12 months. Accordingly, Graham was required to make a new application for SSI benefits. *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1309 (D. Kan. 2007). Here, it appears an application was made based on the 30 August 2010 notice from the SSA. However, the Commissioner's denial of Graham's application is not a final decision subject

to judicial review. 20 C.F.R. § 416.1400(a)(5). Because Graham has not exhausted the administrative process or demonstrated a valid claim of constitutional deprivation, this court recommends the complaint be dismissed for lack of subject matter jurisdiction.

4. Appointment of Counsel

In his motion requesting leave to proceed *in forma pauperis*, Graham asks this court for appointment of counsel. While Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405, courts "may request an attorney to represent any person unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1). This provision does not, however, empower federal courts to make compulsory appointments in civil cases. *Mallard v. United States Dist. Court. for Southern Dist.*, 490 U.S. 296, 301 (1989) (holding § 1915(d), now amended and renumbered as § 1915(e)(1), does not authorize compulsory appointment of counsel); *Hall v. Holsmith*, 340 Fed. Appx. 944, 946 (4th Cir. 2009). Rather, a plaintiff is entitled to appointment of counsel only under "exceptional circumstances." *Id.*

In determining whether exceptional circumstances exists, courts consider many factors, including:

1. the type and complexity of the case;
2. the litigant's ability to adequately present and investigate his case;
3. whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*See Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *see also Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 298 ("The question of whether such circumstances exist depends in any particular case hinges on characteristics of the

12

Case 7:10-cv-00208-FL   Document 6   Filed 12/08/10   Page 12 of 14

claim and the litigant."). Applying these factors, the court observes that the instant case is a social security proceeding, which by nature is not unduly complex and is regarded as "inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000); 20 C.F.R. §§ 404.900(b), 416.1400(b) (explaining the administrative review process is conducted "in an informal, nonadversary manner"). Skill in the presentation of evidence and in cross-examination is not a requirement as it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits and review by the Appeals Council is similarly broad. *Sims*, 530 U.S. at 111. The Commissioner has no representative before the ALJ to oppose the claim for benefits; neither is there is any indication that he opposes plaintiffs before the Appeals Council. *Id.* For the foregoing reasons, this court recommends that Graham's request for counsel be denied as he has not demonstrated "exceptional circumstances" warranting the appointment of counsel.

In sum, Graham may not seek judicial review of the denial of his Social Security disability benefits until he has completed the administrative review process outlined above.

## CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected

13

Case 7:10-cv-00208-FL  Document 6  Filed 12/08/10  Page 13 of 14

to, and accepted by, the District Court.

    This, the 8th day of December, 2010.

                                          _____
                                          Robert B. Jones, Jr.
                                          United States Magistrate Judge