IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-208-FL

| | | |
|---|---|---|
| EMMETT MADISON GRAHAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge allowed plaintiff to proceed *in forma pauperis*.[2] However, the magistrate judge recommended that the court deny plaintiff's motion for reconsideration under 28 U.S.C. § 1915(a)(1), (e)(2)(B), and that the action be dismissed for lack of subject matter jurisdiction. No objections to the M&R have been filed.

Plaintiff was awarded Social Security disability benefits in 1995, but he became ineligible for all federal benefits for a period of five years after he was sentenced on September 14, 1998, to a term of 210 months incarceration upon his conviction for drug and firearm offenses. See United

---

[1] As the magistrate judge notes, the proper defendant in an action seeking an award of Social Security disability benefits is the Commissioner of the Social Security Administration ("SSA"). 20 C.F.R. § 422.210(d) ("Where any civil action [against the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."). Plaintiff's complaint identifies the defendants as "Social Security Administration Michael J. Astrue, et. al." The court agrees with the magistrate judge that the SSA is not a proper defendant, and accordingly, the SSA is DISMISSED as a defendant in this case.

[2] Accordingly, the clerk is DIRECTED to reflect on the docket at entry 3 that plaintiff's motion to proceed *in forma pauperis* was allowed.

States v. Graham, No. 7:97-CR-98-FL-1. Plaintiff states that he has been released from incarceration, is now on home confinement, and requests the reinstatement of his disability and supplemental security income benefits. Yet, as the magistrate judge notes with detail in the M&R, plaintiff has not exhausted his administrative remedies as required by statute and regulations outlined in the M&R. Plaintiff has not raised a colorable constitutional claim to excuse his failure to exhaust the administrative remedies. Furthermore, as the magistrate judge notes, plaintiff has not demonstrated exceptional circumstances that would warrant appointment of counsel.[3]

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). The court has carefully considered the complaint and the magistrate judge's analysis. The court agrees with the magistrate judge that subject matter jurisdiction is lacking, and accordingly ADOPTS the M&R (DE # 6) as its own. Plaintiff's motion for reconsideration (DE # 1) is DENIED. This action is accordingly DISMISSED without prejudice. The clerk is DIRECTED to conform the docket to reflect the court's rulings, including those made in footnotes one and two of this order.

SO ORDERED, this the 25 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[3] Plaintiff asks the court for appointment of counsel in his motion requesting leave to proceed *in forma pauperis*. (Pl.'s Mot. Proceed *In Forma Pauperis*, p. 1.)

2